**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| Black Bottle Brewery, LLC ) | Case No. 20-14472-KHT |
| Tax ID / EIN: 27-2445586, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S STIPULATED**
**MOTION FOR INTERIM AND FINAL USE OF CASH COLLATERAL**

The United States Trustee ("UST"), by and through his undersigned counsel, submits his objection to the Debtor's Stipulated Motion for Interim and Final Use of Cash Collateral (the "Motion") and states and alleges as follows:

Background

1. On June 30, 2020, Black Bottle Brewery, LLC (the "Debtor") field its Voluntary Petition commencing this chapter 11 case.

2. Also on June 30, 2020, the Debtor filed its Motion, by which it requests authority to use cash collateral pursuant to an agreement with Great Western Bank (the "Bank"). The Cash Collateral Agreement (the "Agreement") between the Debtor and the Bank is attached as Exhibit "A" to the Motion.

3. The Debtor and the CDR filed their original Motion to Approve Stipulation with Colorado Department of Revenue for Use of Cash Collateral.

4. On July 2, 2020, Mark David Dennis was appointed Subchapter V Trustee in this case.

Objection

5. The UST objects to the Motion for the following reasons:

6. The Motion does not provide a summary of all of the essential terms of the proposed use of cash collateral as required by L.B.R. 4001-2(a)(1). In particular, the Motion does not mention, let alone summarize, events of default and remedies in the event of default, nor does it state the term of the Agreement.

7. Pursuant to L.B.R. 4001-2(a)(2), the Court will not approve certain provisions in a cash collateral agreement or proposed order without a demonstration of necessity or cause. For these enumerated provisions, the motion must specifically identify the location of the provision and provide justification for its inclusion. See L.B.R. 4001-2(a)(2). The Motion does not identify the location of, nor provide a justification for, the following provisions that should not be approved:

1

    a. <u>Provisions binding the estate or all parties in interest with respect to the validity, perfection or amount of the secured party's lien or debt and as to the relative priority of the secured party's lien</u>. <u>See</u> L.B.R. 4001-2(a)(2)(B) & (C). Paragraphs 5 and 6 of the Agreement contain various representations by the Debtor as to validity, amount, and priority of the Bank's liens and claims and as to the lack of claims against the Bank. Paragraph 18 provides that the Agreement is binding upon a trustee that may be appointed later in the case as well as all other creditors and parties in interest. Also, in the proposed order submitted with the Motion, the Court is asked to make extensive findings in ¶¶ B through G as to the extent, validity, and priority of the Bank's liens and claims.

    b. <u>A waiver of 11 U.S.C. § 506(c)</u>. <u>See</u> Agreement at ¶ 8(a); <u>see</u> <u>also</u> L.B.R. 4001-2(a)(2)(D).

    c. <u>Automatic relief from the automatic stay upon default</u>. <u>See</u> L.B.R. 4001-2(a)(2)(H). Paragraphs 15 and 16 would essentially provide for automatic relief from the automatic stay upon the filing of an affidavit by the Bank. Upon a default, the UST would not be opposed to the Bank withdrawing its consent to the use of cash collateral. But the Bank should be required to request relief from the Court before exercising any remedies.

8. In Paragraph 11 of the Agreement, the reference to § 364(c) should be removed because that type of lien is only available to secure postpetition credit under that section.

9. The proposed order refences in several places an Exhibit "A" attached thereto, which presumably was intended to be a budget or schedule of approved expenses. No Exhibit "A" is attached.

10. Paragraph 1 of the proposed order should be cleaned up considerably. It references the Debtor's ability to use proceeds of "the Account" but the order does not anywhere else define that term. Conversely, it defines the term "Postpetition Receivable," but that term does not appear anywhere else in the proposed order.

WHEREFORE, the United States Trustee objects to the Motion for the reasons set forth above. The UST requests such other and further relief as the Court deems just and proper under the circumstances.

Dated: July 9, 2020 Respectfully submitted,

PATRICK S. LAYNG
UNITED STATES TRUSTEE

/s/ Alan K. Motes
By: Alan K. Motes, #33997
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
(303) 312-7999 telephone
(303) 312-7259 facsimile
Alan.Motes@usdoj.gov