UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-14472 KHT |
| Black Bottle Brewery, LLC ) | |
| ) | Chapter 11, Subchapter V |
| Debtor. ) | |

## ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND SETTING FINAL HEARING

Pursuant to the stipulated motion for Entry of An Order authorizing interim and final use of Cash Collateral and Granting Adequate Protection filed By Black Bottle Brewery, LLC, Debtor and Debtor In Possession (the "Debtor"), which motion is consented to by Great Western Bank, N.A. ("Lender"), and, with notice of the Motion having been given, and an opportunity to be heard having been afforded; the Debtor having apprised this Court that it requires immediate use of cash collateral to avoid irreparable harm to its business; and the Debtor having requested that the Motion be heard and determined pursuant to Bankruptcy Rule 4001(b)(2); and the Court, based upon the Motion, and representations of counsel, finds that it is necessary to authorize the use of such cash collateral in order to avoid immediate and irreparable harm to the estate, and the objections of the United States Trustee having been resolved, Debtor and Lender have represented to the Court the following:

A. The Debtor has filed a Voluntary Petition for Reorganization under Subchapter V of Chapter 11 (the "Petition") of the Bankruptcy Code. The Debtor intends to operate its business pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

B. Lender is a secured creditor of the Debtor pursuant to a certain Credit Agreement dated as of September 30, 2016, as the same has been amended from time to time (as amended, the "Credit Agreement"), and certain other documents and agreements related thereto. The Credit Agreement and such other documents and agreements shall hereinafter be referred to collectively as the ("Loan Documents").

C. Pursuant to the Loan Documents, the Lender has made certain loans and advances to the Debtor, subject to and upon the terms and conditions contained therein. As of the date of the filing of the Petition, the Debtor owed Lender the principal amount of approximately $950,000.00, plus accrued and unpaid interest, costs and expenses as provided under the Credit Agreement and the other Loan Documents (such indebtedness being hereinafter referred to as the "Secured Indebtedness").

D. Pursuant to the Loan Documents, the Debtor granted Lender a security interest and liens in and to all of the Debtor's property, including, without limitation, all of the Debtor's accounts, deposit accounts, chattel paper, instruments, documents, equipment, furniture, fixtures, inventory, leasehold improvements, general intangibles, notes, notes receivable, drafts, and acceptances and all proceeds of the foregoing (all of the foregoing being hereinafter collectively referred to as the "Prepetition Collateral"). Debtor and Lender allege Lender's security interest and liens in the Prepetition Collateral is a valid and perfected first priority security interest and lien in all items of the Prepetition Collateral.

E. Among the Prepetition Collateral are all the Debtor's Receivables and Inventory, as those terms are defined in the Credit Agreement, and the proceeds thereof.

F. Pursuant to the Loan Documents, all collections and proceeds, including cash proceeds of Debtor's Receivables, are subject to Lender's perfected security interest.

G. The Debtor's Receivables and the proceeds thereof constitute "cash collateral" within the meaning of § 363(a) of the Bankruptcy Code. Section 363(c)(2) of the Bankruptcy Code prohibits the Debtor from using cash collateral without the consent of Lender or without Court approval, after appropriate notice and hearing, based upon a finding that Lender's collateral position is adequately protected.

H. The Debtor has requested that Lender permit the use of the cash collateral, and Lender has given its consent subject to the terms and conditions set forth in the stipulation between the Debtor and the Lender

I. The Debtor can only obtain funds necessary to operate its business and preserve and protect the assets of the estate by granting the adequate protection set forth herein. The Debtor is unable at this time to obtain unsecured or other secured credit for such purposes.

J. The entry of this Order is in the best interest of the Debtor, its estate and its creditors. Expenses for food and drink inventory, wages, rent, taxes, and administrative expenses incurred in the ordinary course of the Debtor's business and its use of Cash Collateral and Postpetition Income (hereinafter defined) to satisfy such expenses shall be deemed to be in good faith pursuant to §§ 363(d), (1) and (m), and § 364(e) of the Bankruptcy Code.

After due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. To the extent provided herein, the Debtor be, and hereby is, subject to the limitations contained in Paragraph 4, below, authorized pursuant to § 363(c) of the Bankruptcy Code to use the proceeds of (i) All checking and savings accounts in commercial banks and accounts credited to debtor with credit card processors ("Accounts") as of the date of filing of the Petition and (ii) its prepetition Receivables as well as Post-petition Income ( hereinafter referred to collectively as the "'Cash Collateral"). As used herein, "Post-petition Income" shall mean Income generated by the Debtor as a result of the sale of food and drink Inventory by the Debtor in the ordinary course of the Debtor's business after the date of the filing of the Petition.

2. Commencing on the 15th day of the month following entry of a final order on this motion, Debtor shall make payments to Lender of $1,250 per month as payments in respect of adequate protection and shall be applied by Lender against the outstanding principal amount of the Secured Indebtedness. The automatic stay provided for under § 362 of the Bankruptcy Code is hereby vacated to the limited extent to allow Lender to payments on its outstanding principal as set forth above.

3. The Debtor has established, in accordance with § 363(c) of the Bankruptcy Code, a new debtor in possession operating account. All collections of Income and all other proceeds of the Collateral shall be deposited by the Debtor into the Post-petition Operating Account. in order to enable the Debtor to pay those expenses permitted to be paid pursuant to Paragraph 4, below.

4. The portion of the Cash Collateral retained by the Debtor shall be used by the Debtor only for ordinary and necessary operating expenses, including wages, cost of goods, taxes, rent, brewing supplies, and administrative expenses of this proceeding in accordance with the Budget set forth on Exhibit A attached hereto.

5. As further adequate protection to Lender for the Debtor's <u>use</u> of the Cash Collateral as provided herein, Lender shall be and hereby is granted a replacement security interest and lien on all categories of *collateral* (whether now owned or hereafter acquired or arising) on which Lender held a perfected security interest and/or lien immediately prior to the filing of the Petition, which post-petition security interest and lien shall be valid and perfected to the same extent and to the same secured value as the security interest and liens held by Lender in the Prepetition Collateral and shall have the same relative priorities and otherwise be governed by the terms and descriptions set forth in the Loan Documents existing immediately prior to the filing of the Petition. The Debtor shall continue to abide by all agreements contained in the Loan Documents with respect to the *collateral*.

6. Except as expressly amended hereby, this Order shall not affect any of the Loan Documents which shall remain in full force and effect.

7. Nothing contained in this Order shall be construed in any way to limit the right of Lender to pursue any other lawful remedy available to it, nor shall any provision of the agreement between the Debtor and Great Western Bank be deemed to limit the rights of any subsequent trustee in this case or other creditor holding rights in any asset belonging to debtor which are senior to those of Great Western Bank.

8. The final hearing on this Motion shall be heard on **Monday, September 21, 2020 at 10:00 a.m.** to consider the extension of the period within which Debtor may use the Cash Collateral and to consider any modification, extension or replacement of this Order. **Parties shall appear by telephone by calling 1-888-684-8852 at the scheduled time of the hearing. The access code for the conference call is 4168567.** Objections to the final cash collateral Motion shall be due by **September 16, 2020.**

9. Pursuant to Bankruptcy Rule 4001, within two (2) business days of the entry of this Order, Debtor shall serve this Order upon the (a) United States Trustee, (b) counsel for Lender, (c) each entity that asserts an interest in the cash collateral in accordance with L.B.R. 2081-1 and Bankruptcy Rules 9014 and 7004, Fed.R.Bankr.P., (d) the Official Creditor's Committee counsel, if appointed, or else those creditors set forth in Bankruptcy Rule 1007(d), and (d) any other persons who have requested notice.

10. Regardless of the date and time that this Order is entered by the Court Clerk, this Order shall be effective immediately and shall be binding upon the parties as of June 30, 2020 with respect to transactions on and after the filing date of the Petition initiating this case.

Dated: August 27, 2020.    BY THE COURT:

*/s/ Kimberley H. Tyson*
_____
The Honorable Kimberley H. Tyson
United States Bankruptcy Judge